# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLOTTE V. MUHA,
MARY CAJSKI,

        Plaintiffs,

        v.                                                  Case No. 05-C-0940

ENCORE RECEIVABLE MANAGEMENT, INC.,

        Defendant.

## ORDER

The plaintiffs filed a purported class action alleging that the defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by sending debt collection letters that contain the false and misleading statement that "your original agreement with the above mentioned creditor has been revoked." On March 2, 2006, the plaintiffs moved to compel the defendant to answer two interrogatories. Plaintiffs' Interrogatory No. 6 asks the defendant to state the number of persons who were sent a collection letter that contained the allegedly false and misleading statement. Plaintiffs' Interrogatory No. 10 asks the defendant to state the defendant's net worth. The defendant refused to provide the information, and the parties have attempted to resolve their dispute without success. The court grants the plaintiffs' motion to compel discovery with respect to both interrogatories and awards the plaintiffs reasonable attorney's fees in bringing the motion to compel.

The plaintiffs are entitled to discover the size of the purported class. *See* Fed. R. Civ. P. 23(a)(1) (stating the numerosity requirement of a class action). In a class

action, the FDCPA puts the defendant's net worth directly at issue. *See* 15 U.S.C. § 1692k(a)(B)(ii) (stating that the maximum damages is "the lesser of $500,000 or 1 per centum of the net worth of the debt collector").

In response to Plaintiffs' Interrogatory No. 6, the defendant stated that the plaintiffs were not entitled to know the potential number of class members because "there has been no finding of liability," "there has been no likelihood of success on the part of the Plaintiff," and the action has not been certified as a class action. (Def.'s Resp. to Pls.' Interrog. #6.) None of the defendant's arguments have any legal basis. The defendant admits that the plaintiffs' numerosity requirement is satisfied, (Def.'s Br. ¶ 4), but the defendant must also answer the plaintiffs' interrogatory and indicate the number of persons who were sent a collection letter with the allegedly false and misleading statement.

In response to Plaintiffs' Interrogatory No. 10, the defendant stated that the plaintiffs were not entitled to know the defendant's net worth because the interrogatory is "irrelevant, immaterial, designed to harass and is not reasonably calculated to lead to discoverable evidence." (Def.'s Resp. to Pls.' Interrog. #10.) Given 15 U.S.C. § 1692k(a)(B)(ii), none of the defendant's arguments have any merit.

The defendant argues that the plaintiffs' motion to compel is premature because there has been no finding of liability and no class has been certified. (Def.'s Br. 3.) In some class actions, the court bifurcates discovery. *See, e.g., Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992)

("To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits.") In this case, however, the defendant never suggested that the discovery should be conducted in phases or limited to particular issues. *See* Fed. R. Civ. P. 26(f)(2). The defendant does not argue that answering the plaintiffs' interrogatories is burdensome, inefficient, or unfair. The defendant argues that it need not respond to the discovery until after there is a finding of liability or until a class is certified, but the defendant cites no legal basis in support of its argument. The court grants the plaintiffs' motion to compel. The defendant shall respond to the discovery requests within twenty (20) days from the date of this order. The defendant shall pay the plaintiffs their reasonable attorney's fees in bringing the motion to compel. *See* Fed. R. Civ. P. 37(a)(4).

Accordingly,

**IT IS ORDERED** that plaintiff's motion to compel be and the same is hereby **GRANTED**; the defendant shall pay the plaintiffs their reasonable attorney's fees in bringing the motion to compel.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2006.

> BY THE COURT:
>
> s/J.P. Stadtmueller
> J.P. STADTMUELLER
> U.S. District Judge